IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

**TERESA L. YONCE, as
Administratrix of the Estate
Of Brock Bland,**

      **Plaintiff**

v.   Civil Action No. 2:21-cv-26 Kleeh

**BRP, Inc., a foreign profit corporation;
BOMBARDIER RECREATIONAL
PRODUCTS, Inc., a foreign profit corporation,
BRP US, Inc. a foreign profit corporation, and
PETE'S CYCLE COMPANY, INC.,
A Maryland corporation,**

      **Defendants.**

ELECTRONICALLY FILED
12/13/2021
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT

## PARTIES

1. Plaintiff Teresa L. Yonce is the mother of decedent, Brock Bland. Ms. Yonce has been duly appointed administratrix of Mr. Bland's estate by the state of West Virginia. Ms. Yonce is also a resident of Pendleton County, West Virginia.

2. Defendant BRP, Inc. is a foreign corporation with its principal place of business in Valcourt, Quebec, Canada. Upon information and belief, at all times relevant to this action, BRP, Inc. was in the business of designing, manufacturing, testing, marketing, selling/distributing and warranting motorized recreational vehicles in the United States, including the ATV known as the 2020 XMR 570.

3. Defendant Bombardier Recreational Products, Inc., is a foreign corporation believed to be a wholly owned subsidiary of Defendant BRP, Inc., with its principal place of business in Valcourt, Quebec, Canada. Upon information and belief, at all times relevant to this

action, BRP, Inc. was in the business of designing, manufacturing, testing, marketing, selling/distributing and warranting motorized recreational vehicles in the United States, including the ATV known as the 2020 XMR 570.

4. Defendant BRP US, Inc. is a foreign corporation with its principal place of business in Sturtevant, Wisconsin. Upon information and belief, at all times relevant to this action, BRP, Inc. was in the business of designing, manufacturing, testing, marketing, selling and/or distributing and warranting motorized recreational vehicles in the United States, including the ATV known as the 2020 XMR 570.

5. Defendant Pete's Cycle Company, Inc. is a company organized pursuant to the laws of the state of Maryland, with principal places of business in that state. BRP Defendants authorize Pete's Cycle to sell and service their products, including ATVs known as the 2020 XMR 570.

## JURISDICTION & VENUE

6. At all times relevant hereto, BRP Defendants designed, manufactured, tested, marketed, sold/distributed and warranted ATVs to consumers nationwide, including residents of West Virginia. In so doing, BRP Defendants regularly solicited business and engaged in a persistent course of conduct (sales) in this State.

7. Jurisdiction is proper over BRP, Inc. because its product caused injury in this district and further because BRP, Inc., either on its own or by and through subsidiaries and/or agents, transacts business and derives substantial revenue from business in the State of West Virginia.

8. Jurisdiction is proper over Bombardier Recreational Products, Inc. because its product caused injury in this district and further because it, either on its own or by and through

subsidiaries and/or agents, transacts business and derives substantial revenue from business in the State of West Virginia.

9. Jurisdiction is proper over BRP US, Inc. because its product caused injury in this district and further because it, either on its own or by and through subsidiaries and/or agents, transacts business and derives substantial revenue from business in the State of West Virginia.

10. Defendant Pete's Cycle marketed, sold, distributed and serviced BRP's product to and for residents and citizens of various states, including but not limited to West Virginia, through a regular and persistent course of conduct by which it derived substantial revenue. Further, in this case, Pete's Cycle contracted with Mr. Bland, a West Virginia resident, to perform service and repair upon the subject vehicle.

11. The subject incident giving rise to this lawsuit occurred in the State of West Virginia.

12. Jurisdiction is proper pursuant to U.S.C. §1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are completely diverse.

## FACTS

*The Subject Vehicle and the Subject Incident*

13. BRP Defendants, or one or more of them, are the designers, developers, manufacturers, testers, marketers, sellers, distributors and warrantors of the vehicle Mr. Bland was riding, a 2020 XMR 570 (VIN #3JBMWAV25LJ000081), hereafter "the subject vehicle."

14. The subject vehicle was designed, manufactured, tested, marketed, sold/distributed, warranted and placed into the stream of commerce as a complete product by BRP Defendants.

BRP Defendants also created the warnings, labels, instructions and requirements which accompanied the vehicle.

15.    Defendant Pete's Cycle sold the subject vehicle in new condition and under warranty to Terence Alan May, a friend of Mr. Bland, on or about July 24, 2020. Mr. May purchased the vehicle for Mr. Bland's ultimate use because Mr. Bland did not have sufficient credit to make the purchase. Mr. Bland took possession of the vehicle and began making payments to Mr. May as agreed on or around July 27, 2020.

16.    Days later, on or about July 30, 2020, Mr. Bland returned to Pete's Cycle and presented the subject vehicle for service with complaints that it was not performing properly.

17.    According to the service invoice authored by Pete's Cycle that date, Mr. Bland reported that the subject vehicle was "*stuck in 4WD and at times will attempt to come out of 4WD and then locks back on its own.*"

18.    The invoice also states that upon testing, Pete's Cycle personnel determined that "*the front wheels do lock in and out of 4WD intermittently on their own*".

19.    After evaluating this issue, Pete's Cycle personnel noted that "*we found wire harness connection at 4WD actuator not fully seated from factory.*" The invoice reflects that Pete's Cycle personnel cleaned the connection, re-installed the harness, and then represented to Mr. Bland (as written in the invoice) that the 4WD system "*is now working proper[ly].*"

20.    Relying on these representations (and those of BRP Defendants, as designers/manufacturers/testers/marketers/sellers/distributors/warrantors) that the subject vehicle was safe to operate and was otherwise free of defects, Mr. Bland paid for the repair and resumed riding the subject vehicle.

21. On or about the afternoon of June 5, 2021, Mr. Bland was driving the subject vehicle eastbound on Siple Mountain Road (otherwise known as Route 14), an asphalt road in Pendleton County, West Virginia.

22. Mr. Bland was operating the subject vehicle in a manner consistent with its foreseeable use.

23. At or near the time Mr. Bland rounded a right-hand curve in Siple Mountain Road, the subject vehicle malfunctioned, causing loss of vehicle control, ultimately resulting in the vehicle exiting the improved roadway to the left and into a ditch.

24. Mr. Bland was ejected, and the unmanned subject vehicle then crossed back over the right side of the road, projected over a wire fence, and came to rest in a field.

25. Mr. Bland sustained fatal injuries in this crash as a direct and proximate result of the acts and omissions of Defendants (or one or more of them) as further described herein. He was pronounced dead at the scene by first responders.

*Defects in the 2020 XMR 570 and Subject Vehicle*

26. After the crash, Plaintiff's preliminary investigation revealed defects in the subject vehicle which proximately caused or contributed to Mr. Bland's loss of control and consequent death. These include, but are not limited to, the following:

   a. Design and manufacturing defects in the 2020 XMR 570's transmission components cause the vehicle to shift in and out of 4-wheel drive unexpectedly. When this happens, the wheels can lock intermittently, causing the driver to lose control of the vehicle.

   b. Design and manufacturing defects in the 2020 XMR 570's constant velocity ("CV") joints cause the joints to fail, either under normal and expected operations or when

    the transmission problems described above occur. When the CV joints fail, the driver can lose control of the vehicle.

  c. Design and manufacturing defects in the CV joints of the 2020 XMR 570 result in joint failure under normal and expected operating loads, stresses, and conditions, and can also cause the driver to lose control of the vehicle.

  d. Other design and manufacturing defects in the transfer case/differential, transmission and transfer case/differential electronic controls, axle, and/or wheel ends can cause the driver to lose control of the vehicle.

  e. The instructions and materials accompanying the 2020 XMR 570 do not sufficiently warn of the risks and dangers associated with any of these conditions.

  f. The 2020 XMR 570 was inadequately tested.

  g. The 2020 XMR 570 is unreasonably dangerous and defective in such other ways as may become apparent through further investigation and discovery.

  h. Safer alternative designs were available to BRP Defendants that were economically and technologically feasible at the time of original manufacture.

27. Plaintiff's investigation has shown that BRP Defendants recalled multiple ATV models similar to the 2020 XMR 570 for various failures and defects causing or contributing to loss of vehicle control which may be at issue herein. BRP Defendants did not recall the 2020 XMR 570.

28. Plaintiff seeks damages for the wrongful death of Mr. Bland as recoverable under W. Va. Code § 55-7-6 in an amount to be determined by the jury, as well as damages for the physical pain, suffering and emotional distress he encountered as a direct and proximate result of Defendants' acts and omissions, and other damages as allowed by law.

## COUNT I: STRICT LIABILITY DESIGN DEFECT

## (AS AGAINST BRP DEFENDANTS)

29. The preceding paragraphs are incorporated by reference as if set forth in their entirety herein.

30. BRP Defendants knew, or reasonably should have known, that the 2020 XMR 570 models, including the subject vehicle, were prone to malfunctions and loss of control caused by defects in any one or more of the following: the vehicle's transmission systems, transfer case differentials, transmission and transfer case/differential electronic controls, axles, CV joints and/or wheel ends. These vehicles and Mr. Bland's subject vehicle are unsafe for their intended use based on these defects and/or those described in paragraph 27 above.

31. At all times relevant herein, Mr. Bland was using the subject vehicle in the manner consistent with its normal and expected use and BRP Defendant(s) knew, or with reasonable care and diligence should have reasonably anticipated, such manner of use.

32. BRP Defendant(s) failed to correct the defective designs described above or to incorporate appropriate warnings, labels, instructions and/or requirements to prevent consequent injury.

33. BRP Defendants are liable to Plaintiff under strict liability because the subject vehicle is defective and not reasonably safe for its intended use. More particularly, the risks inherent in this vehicle's design outweigh its utility, particularly given the availability of technologically and economically feasible, safer alternative designs that would not impair the vehicle's functionality.

34. BRP Defendants knew, or reasonably should have known, of the foreseeable dangers presented if a driver lost control while operating ATVs such as the 2020 XMR 570. It was

also known to BRP Defendants, given the foreseeable use and foreseeable misuse of ATVs, that serious injuries or fatalities could result from defects like those articulated herein.

35. As a direct and proximate result of the defects alleged above, Mr. Bland was fatally injured. Plaintiff seeks damages for his wrongful death as recoverable under W. Va. Code § 55-7-6 in an amount to be determined by the jury, as well as damages for the physical pain, suffering and emotional distress he encountered as a direct and proximate result of Defendants' acts and omissions, and other damages as allowed by law.

## COUNT II: NEGLIGENT MANUFACTURING
## (AS AGAINST BRP DEFENDANTS)

36. The preceding paragraphs are incorporated by reference as if set forth in their entirety herein.

37. BRP Defendants had a duty to exercise reasonable care in all aspects of manufacturing the 2020 XMR 570 and the subject vehicle in particular.

38. BRP Defendants negligently and carelessly manufactured and distributed the subject vehicle in a defective condition, specifically with defects in the vehicle's transmission systems, transfer case differentials, transmission and transfer case/differential electronic controls, axles, CV joints and/or wheel ends described herein, as well as others which may be uncovered through further investigation and discovery.

39. BRP Defendants negligently failed to implement and adequately maintain quality control processes that would enable them to discover the defects set forth herein prior to placing the subject vehicle into the stream of commerce.

40. BRP Defendant(s) failed to correct their quality control and manufacturing errors in order to prevent foreseeable consequent injury.

41. BRP Defendants are liable to Plaintiff under strict liability because the subject vehicle is defective and not reasonably safe for its intended use. More particularly, the risks inherent in this vehicle's design outweigh its utility, particularly given the availability of technologically and economically feasible, safer alternative designs that would not impair the vehicle's functionality.

42. BRP Defendants knew, or reasonably should have known, of the foreseeable dangers presented if a driver lost control while operating ATVs such as the 2020 XMR 570. It was also known to BRP Defendants, given the foreseeable use and foreseeable misuse of ATVs, that serious injuries or fatalities could result from defects like those articulated herein.

43. As a direct and proximate result of the acts and omissions alleged above, Mr. Bland was fatally injured. Plaintiff seeks damages for his wrongful death as recoverable under W. Va. Code § 55-7-6 in an amount to be determined by the jury, as well as damages for the physical pain, suffering and emotional distress he encountered as a direct and proximate result of Defendants' acts and omissions, and other damages as allowed by law.

### COUNT III:  STRICT LIABILITY FOR FAILURE TO WARN, INSTRUCT, OR REQUIRE

### (AS AGAINST BRP DEFENDANTS)

44. The preceding paragraphs are incorporated by reference as if set forth in their entirety herein.

45. BRP Defendants' warnings, labels, instructions, and requirements were unclear and insufficient in that they failed to warn that loss of control could result if the 2020 XMR 570's transmission, transfer case, transmission and transfer case controls, CV joint, axles, and/or wheel ends failed unexpectedly.

46. Without adequate warning, labels, instructions, and requirements pertaining to these defects and resultant injuries that might ensue, the vehicle is defective and not reasonably safe for its intended use.

47. A reasonably prudent manufacturer would have included warnings, labels, instructions, and requirements notifying users and/or service technicians of the potential for loss of control in these scenarios, and directed that the vehicle not be used unless such defects were resolved.

48. BRP Defendants' failure to warn, label, or instruct Mr. Bland and/or to warn, label, instruct or issue requirements to service technicians of said defect or others described herein proximately caused Mr. Bland's death and the damages sought herein.

49. As a direct and proximate result of the acts and omissions alleged above, Mr. Bland was fatally injured. Plaintiff seeks damages for his wrongful death as recoverable under W. Va. Code § 55-7-6 in an amount to be determined by the jury, as well as damages for the physical pain, suffering and emotional distress he encountered as a direct and proximate result of Defendants' acts and omissions, and other damages as allowed by law.

## COUNT IV: NEGLIGENCE
### (AS AGAINST BRP DEFENDANTS)

50. The preceding paragraphs are incorporated by reference as if set forth in their entirety herein.

51. BRP Defendants had a duty to design, test, and manufacture the 2020 XMR 570 and the subject vehicle in ways that ensured that the vehicles were reasonably safe for their intended purposes and foreseeable uses/misuses.

52. BRP Defendants had a further duty to adequately warn Mr. Bland and others of non-obvious, foreseeable dangers associated with the use of these vehicles through suitable warnings, labels, instructions and requirements.

53. BRP Defendants breached their duties to exercise reasonable care and diligence, and were therefore negligent in performance of their duties to Mr. Bland and others in the following respects:

   a. Negligently incorporating multiple defects in the design of the 2020 XMR 570;

   b. Negligently failing to warn of these defects;

   c. Negligently failing to test the 2020 XMR 570;

   d. Negligently failing to correct the known defects giving rise to loss of control of the 2020 XMR 570;

   e. Negligently failing in the quality control and other manufacturing processes of the 2020 XMR 570;

   f. Negligence in such other respects as may become apparent through further investigation and discovery.

54. BRP Defendants knew, or in the exercise of reasonable diligence should have known, that the 2020 XMR 570 was defective and not safe for its intended purposes and foreseeable uses/misuses.

55. As a direct and proximate result of the acts and omissions alleged above, Mr. Bland was fatally injured. Plaintiff seeks damages for his wrongful death as recoverable under W. Va. Code § 55-7-6 in an amount to be determined by the jury, as well as damages for the physical pain, suffering and emotional distress he encountered as a direct and proximate result of Defendants' acts and omissions, and other damages as allowed by law.

## COUNT V: NEGLIGENCE

## (AS AGAINST PETE'S CYCLE SHOP, INC.)

56. The preceding paragraphs are incorporated by reference as if set forth in their entirety herein.

57. At times relevant to this action, Defendant Pete's Cycle was in the business of marketing, selling, and servicing motorized vehicles to consumers directly, including the sale of the subject vehicle in this case.

58. Defendant Pete's Cycle further represented that its personnel were qualified to service vehicles it sold, including but not limited to the subject vehicle. Upon information and belief, such service technicians and personnel were not adequately trained.

59. Mr. Bland relied on these representations and presented the subject vehicle to Pete's Cycle for service and repair of the issues set forth above.

60. As reflected in the invoice associated with that service, Pete's Cycle personnel represented to Mr. Bland that the issue(s) with his 4-wheel drive had been inspected, repaired, and corrected; when instead any one or more of the above dangerous conditions and others remained, rendering the vehicle unsafe for its intended use.

61. It was foreseeable to Pete's Cycle that these condition(s) would be potentially harmful to anyone who rode the vehicle, since any one of them would predictably cause loss of control.

62. Pete's Cycle failed to detect and correct other problems that reasonable dealers and repair personnel would have noted and corrected, including but not limited to defects in the vehicle's transmission systems, transfer case differentials, transmission and transfer

case/differential electronic controls, axles, CV joints and/or wheel ends, and other issues complained of herein.

63. As a direct and proximate result of the negligence of Pete's Cycle, which was concurrent and joint with the negligence and other tortious acts and omissions of the BRP Defendants as alleged above, Mr. Bland was fatally injured. Plaintiff seeks damages for his wrongful death as recoverable under W. Va. Code § 55-7-6 in an amount to be determined by the jury, as well as damages for the physical pain, suffering and emotional distress Mr. Bland encountered as a direct and proximate result of Defendants' acts and omissions, and other damages as allowed by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Teresa L. Yonce demands judgment against the Defendants, jointly and severally, for damages permitted by the West Virginia Wrongful Death Act, including:

(a) Sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of Mr. Bland;

(b) Compensation for reasonably expected loss of (i) income of the decedent, and (ii) services, protection, care and assistance provided by Mr. Bland; and

(c) Reasonable funeral expenses and any other economic losses related to the death of Mr. Bland.

Plaintiff further seeks damages for the physical pain, suffering and emotional distress Mr. Bland encountered as a direct and proximate result of Defendants' acts and omissions, together with prejudgment and post judgment interests, costs, attorneys' fees, and such further relief as the Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

            **Plaintiff,**
            **By Counsel**

            */s/ Sharon F. Iskra*
            Eric B. Snyder (WVSB # 9143)
            Sharon F. Iskra (WVSB # 6582)
            Bailey & Glasser, LLP
            209 Capitol Street
            Charleston, WV 25301
            Tel.: (304) 345-6555
            Fax: (304) 342-1110
            esnyder@baileyglasser.com
            siskra@baileyglasser.com