IN THE UNITED STATES DISRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**TERESA L. YONCE, as Administratrix**
**of the Estate of Brock Bland,**

    **Plaintiff,**

v.                                                                  Civil Action No. 2:21-CV-26
                                                                       (JUDGE KLEEH)

**BOMBARDIER RECREATIONAL PRODUCTS,**
**INC., a foreign corporation, and**
**PETE'S CYCLE COMPANY, Inc., a Maryland**
**Corporation,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL [ECF NO. 78]
AS TO HER FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION, HOLDING REMAINDER OF MOTION IN ABEYANCE, AND
SCHEDULING THE MATTER FOR FURTHER PROCEEDINGS**

This matter is before the undersigned Magistrate Judge pursuant to a Referral Order [ECF No. 81] entered by Hon. Thomas S. Kleeh, Chief United States District Judge, on November 15, 2022. By this Referral Order, Judge Kleeh referred Plaintiff's motion to compel [ECF No. 78] discovery from Defendant Bombardier Recreational Products, Inc. ("BRP") to the undersigned for a hearing and disposition. The discovery dispute concerns Plaintiff's First Set of Interrogatories and Requests for Production of Documents.

**I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND**

Plaintiff brings this products liability action and alleges certain defects with an all-terrain vehicle ("ATV"), namely, a Can-Am Renegade 570 XMR. This model first was manufactured in 2017. Plaintiff, who is the administratrix of Brock Bland's estate, alleges that Mr. Bland was

1

operating the ATV, and that defects with the ATV resulted in a crash of the ATV and Mr. Bland's death. Plaintiff further alleges that components of the ATV's transmission caused the ATV to shift into and out of four-wheel-drive unexpectedly, causing Mr. Bland to lose control of the ATV. Plaintiff also alleges that the ATV's CV joint failed, and that there were problems with the transfer case/differential, the transmission, and electronic controls for those systems. Plaintiff names as party-defendants certain entities which she alleges were involved in the ATV's development, design, manufacture, sale, distribution, and warrantying. As to BRP specifically, Plaintiff alleges that it was involved in the design and manufacture of the ATV. For its part, BRP claims that the ATV was in good working order, and that Mr. Bland was operating the ATV in a fashion and in conditions for which it was not designed.

By the discovery requests at issue, Plaintiff seeks detailed specifications concerning the ATV's design, testing, and manufacture. Plaintiff also seeks similar information as to other ATVs in which BRP was involved in developing and manufacturing. Inclusive of definitions and instructions, Plaintiff's First Set of Interrogatories and Requests for Production of Documents spans some 55 pages. BRP lodges a range of objections to Plaintiff's requests, including but not limited to the breadth of the requests, issues concerning privilege and confidentiality, and the type of digital format in which Plaintiff asks responsive materials to be.

In addition to Plaintiff's motion [ECF No. 78], the Court is in receipt of Plaintiff's memorandum in support [ECF No. 79] of the motion; BRP's response [ECF No. 86] in opposition to the motion; and Plaintiff's reply [ECF No. 91] in support of her motion. The undersigned convened a hearing on the motion, by videoconference, on December 14, 2022, at which appeared counsel for all of the parties. Also appearing were expert witnesses retained by Plaintiff and BRP, respectively. The hearing of December 14, 2022 aided the undersigned in ascertaining not only the

nature and scope of the discovery requests at issue, but also in understanding the parties' arguments for seeking (and resisting) discovery about the components of the ATV.

During the hearing of December 14, 2022, the Court took an extended recess to afford counsel and their respective experts an opportunity to discuss these matters with one another further, in a bid to narrow and clarify the discovery dispute. After this recess, the undersigned reconvened the hearing. BRP's counsel requested to have an opportunity to revisit the matter with their client, and then follow up with Plaintiff's counsel as to what further response to the discovery requests BRP could or would provide.

The undersigned scheduled the matter for further hearing for December 19, 2022, by videoconference. In the meantime, shortly before the time of the continued hearing, BRP's counsel provided a written response and summary to Plaintiff's counsel (copying chambers staff) concerning the outstanding information Plaintiff seeks. [ECF No. 99-2]. Plaintiff's counsel provided a written, response, thereto, prior to the continued hearing, in the form of electronic mail to chambers staff and opposing counsel. [ECF No. 99-1]. The Court understands and appreciates the quick review and turnaround necessitated by the timing of scheduled proceedings.

## II. DISCOVERY REQUESTS AT ISSUE AND SUMMARY OF HEARINGS AND ORDERS TO DATE

As noted above, the Court initially convened as to the pending motion [ECF No. 78] on December 14, 2022. Two main points became clear in the course of that hearing: (1) Plaintiff does not seek discovery as to all aspects of the subject ATV, but rather seeks discovery as to a discrete list of certain components/sub-components, and (2) if the components in which Plaintiff is interested were used on other models of ATVs other than the subject vehicle, then Plaintiff seeks information about whether similar problems arose on those other models.

As to the first point, with the help of her expert witness, Plaintiff has identified certain of the vehicle's components and systems at issue – 24 components which are listed in Exhibit A (Mechanical Parts List) and Exhibit B (Electrical Parts List) to her First Set of Interrogatories and Requests for Production of Documents. However, as the Court further learned in that hearing, some or all of these 24 components are comprised of additional sub-components, such that Plaintiff seeks specifications of more than just 24 parts. Per the Court's inquiry of Plaintiff's expert, Peter J. Sullivan, the key areas of investigation are (a) two axles (the right-side rear and the right-side front) and (b) the dynamic power steering unit. As to the components and sub-components in question, Plaintiff seeks information about their material properties, performance specifications and limitations, results of testing, and the like.

As to the second point, the Court inquired as to whether BRP could perform a search across its platforms to determine which ATV models in which a component of interest was used. BRP's counsel stated that such a search may be possible, but argued that the cumulative nature of the discovery requests propounded was disproportionate and burdensome.

As noted above, the Court directed BRP's counsel to investigate these questions further with their client, and recessed from the hearing of December 14, 2022. Then the Court re-convened on December 19, 2022. Again appearing were counsel for the parties as well as respective expert witnesses for Plaintiff and BRP. The Court reviewed with counsel the correspondence [ECF No. 99-2] from BRP's counsel to Plaintiff's counsel regarding the discovery dispute. The correspondence sets forth certain materials and information BRP now will supply (as well as other areas of disagreement and/or need for further clarification).

As set forth in the correspondence [ECF No. 99-2], BRP's counsel states that BRP will provide certain information and items as detailed therein, about which there is no longer dispute.

And as discussed on the record at the December 19, 2022 hearing, BRP will provide this information within 30 days of that hearing. The Court **ORDERED** such supplementation within that timeframe. Relatedly, Plaintiff noted that certain items in the above-noted correspondence combine certain of Plaintiff's discovery requests which were propounded separately and distinctly. The Court **ORDERED** that BRP is to respond to those requests as propounded by Plaintiff.

As also discussed during the hearing of December 19, 2022, there was prior miscommunication about Plaintiff's continued desire to obtain information about Part No. 15 as set forth in Exhibit A (Mechanical Parts List) of her discovery requests, that being the shaft assembly kit (rear). Because of the miscommunication, BRP's counsel had not inquired of their client about obtaining this information, so the Court directed counsel to inquire of BRP whether it could be provided. BRP and its counsel were to follow up with Plaintiff within 30 days of the December 19, 2022 hearing as to whether the information sought for Part No. 15 could be provided, and if so, to provide it. It is so **ORDERED**.

Another topic of discussion at the December 19, 2022 hearing was a dispute over two parts listed in Exhibit B (Electrical Parts List) of Plaintiff's discovery requests, those being Part No. 5 (engine wiring harness) and Part No. 7 (Harness – Main). Plaintiff's expert, Mr. Sullivan, explained to the Court how these parts are germane to Plaintiff's claims, in that the parts provide connection between the engine computer and the power steering/four-wheel-drive mechanisms. As set forth on the record, the Court **ORDERED** that BRP is to provide the information sought as to these two parts to Plaintiff, within 30 days of the date of the hearing.

Also addressed at the December 19, 2022 hearing was Plaintiff's request regarding the "CADET" (Calibration and Diagnostic Engineering Tool) Diagnostic Tool. As Plaintiff's expert Mr. Sullivan explained, CADET can be utilized by connecting it to a vehicle and downloading

certain information of possible interest. Mr. Sullivan does not have access to CADET, but apparently, BRP does. BRP represents that CADET has not been used on the ATV at issue (at least, not as of yet), and that BRP does not have permission from the vendor to allow its use by others. As set forth on the record, the Court **ORDERED** BRP and its counsel to make contact with an appropriate representative of the CADET platform to either (a) determine if CADET can be used as Plaintiff requests, or, if CADET cannot be so utilized, then (b) convey to the CADET representative that they (and their legal counsel) must be available for the next hearing on February 13, 2022, set forth below. The Court noted that Plaintiff would be responsible for any costs incurred for such use of CADET, and that the Court expects counsel and the parties to cooperate in framing the issues and inquiry to the CADET representative. It is so **ORDERED**.

Additionally, Plaintiff has reiterated her request that BRP produce all responsive documents in native digital format (including metadata). Plaintiff invokes Fed. R. Civ. P. 34(b)(1)(C), by which a party requesting discovery may specify how electronic information should be produced. To the extent which such responsive information that BRP will be providing within the 30-day timeframe set forth herein already exists in native format (or can be provided in native format just as easily as in another format), Plaintiff's motion is **GRANTED in part**. However, to the extent which such materials simply are not available to BRP in the format requested, Plaintiff's motion is **DENIED in part**.

Finally, at the December 19, 2022 hearing, the Court noted that Plaintiff is not entirely satisfied with BRP's further response as set forth in the above-noted correspondence. [ECF No. 99-2]. As set forth on the record, during the next scheduled hearing, the Court will revisit any remaining areas of dispute. To that end, as to such unresolved issues, Plaintiff's motion is **HELD IN ABEYANCE**.

### III. ORDER AND FURTHER SCHEDULING

Accordingly, based on the foregoing, to the extent which proceedings thus far have resulted in a narrowing of the issues and BRP will be providing further responsive information as more fully set forth on the record and herein, Plaintiff's motion [ECF No. 78] is hereby **GRANTED in part**. Plaintiff's motion [ECF No. 78] is **DENIED in part** as to the format of electronic materials produced, as detailed above. To the extent which BRP is continuing to investigate these matters and provide responsive information, and to the extent which Plaintiff will need an opportunity to review that information and wishes to revisit areas of concern, the remainder of Plaintiff's motion [ECF No. 78] is hereby **HELD IN ABEYANCE**. It is so **ORDERED**.

Finally, it is **ORDERED** that a further hearing on the motion is hereby scheduled for **Monday, February 13, 2023 at 2:30 p.m.** before the undersigned, to be conducted remotely by videoconference/teleconference using the undersigned's Zoom videoconferencing credentials. To join the proceeding, participants may connect either by video or by telephone. Participants can connect by video by using the following link: https://www.zoomgov.com/j/1605681245?pwd=OU1BTDFQUDkraHA4U3Zpd1BIQW0rQT09 . Alternatively, participants may connect by telephone by calling (646) 828 7666, then entering Meeting ID 160 568 1245 and Passcode 43281. If participants have trouble connecting, they may contact Magistrate Judge Aloi's Law Clerk, Nathan J. Fetty, by calling (304) 637-2239 or sending e-mail to nathan_fetty@wvnd.uscourts.gov.

It is all so **ORDERED**.

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for

Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: December 21, 2022.

/s/ Michael John Aloi<br>
MICHAEL JOHN ALOI<br>
UNITED STATES MAGISTRATE JUDGE